

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JOSHUA STACY, | ) | Case No. |
| Plaintiff, | ) | 1:25 CV1642-MSN-WBP |
| | ) | |
| v. | ) | |
| JUDGE TANIA M.L. SAYLOR, in her | ) | |
| individual capacity and in her official | ) | |
| capacity | ) | |
| JUDGE JONATHAN D. FRIEDEN, in his | ) | |
| individual capacity and in his official | ) | |
| capacity | | |
| JUDGE MICHELLE KAMINSKY, in her | | |
| individual capacity and in her official | | |
| capacity | | |
| Chris Falcon, FAIRFAX COUNTY | | |
| CIRCUIT COURT CLERK | | |
| MARIA SIMON, and | | |
| THE GELLER LAW GROUP, | | |
| PLLC, Defendants. | | |

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Jury trial demanded.

1

1. TABLE OF AUTHORITIES..................................................................................3

    a. Cases................................................................................................3

    b. Statutes and Rules.........................................................................3

2. SUMMARY OF CLAIMS...................................................................................4

3. INTRODUCTION................................................................................................6

4. JURISDICTION AND VENUE..........................................................................6

5. PARTIES..............................................................................................................7

6. NON-DUPLICATIVE NATURE OF THIS ACTION.......................................7

7. ROOKER-FELDMAN AND OTHER ABSTENTION DOCTRINES INAPPLICABLE..8

8. JUDICIAL IMMUNITY CANNOT APPLY UNIVERSALLY........................9

9. FACTUAL BACKGROUND.............................................................................11

10. CLAIMS FOR RELIEF...................................................................................13

11. PRAYER FOR RELIEF...................................................................................19

# 1. TABLE OF AUTHORITIES

a. Cases
    i. Yourko v Yourko, Court of Appeals Virginia No 220039 (2023)
    ii. Rook v Rook, (1987)
    iii. Singh v Mooney, 261 Va 48, 541 S.E.2d 549 (2001)
    iv. Gibson v. Goldston, No 22-1757 (4th Cir. 2023)
    v. Super Fresh Supermarket of VA, Inc. v. Ruffin, 263 Va. 555 (2002)
    vi. Dennis v. Sparks, 449 U.S. 24 (1980)
    vii. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)
    viii. Davani v. Va. Dep't of Transp., 434 F.3d 712 (4th Cir. 2006)
    ix. Thana v. Bd. of License Comm'rs, 827 F.3d 314 (4th Cir. 2016)
    x. Hulsey v. Cisa, 947 F.3d 246 (4th Cir. 2020)
    xi. Goldberg v. Kelly, 397 U.S. 254 (1970)
    xii. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944):
    xiii. Hicks v. Feiock, 485 U.S. 624 (1988)
    xiv. International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821 (1994)
    xv. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)
    xvi. Turner v. Rogers, 564 U.S. 431 (2011)
    xvii. Wyatt v. McDermott, 283 Va. 685 (2012)
    xviii. Yick Wo v. Hopkins, 118 U.S. 356 (1886)

b. Statutes and Rules
    i. 42 U.S.C. § 1983 – Civil action for deprivation of rights under color of state law
    ii. 42 U.S.C. § 1988 – Proceedings in vindication of civil rights (attorney's fees)
    iii. 28 U.S.C. § 1331 – Federal question jurisdiction
    iv. 28 U.S.C. § 1367 – Supplemental jurisdiction over related state law claims
    v. 28 U.S.C. § 1391 – Venue in federal civil actions
    vi. Federal Rule of Civil Procedure 38 – Right to a jury trial
    vii. Virginia Supreme Court Rule 1:1(a) – Finality of judgments; jurisdictional cutoff
    viii. U.S. Constitution, Fourteenth Amendment – Due Process and Equal Protection Clauses

3

## 2. SUMMARY OF CLAIMS

This action arises under 42 U.S.C. § 1983 and Virginia common law to redress serious constitutional and procedural violations that harmed Plaintiff. The following claims are asserted:

1. **Count I – Incarceration Without Ability-to-Pay Hearing**

   *Due Process Violation (Fourteenth Amendment)*

   Judge Saylor issued a Sept. 15, 2025 capias commanding Plaintiff's arrest "forthwith" and setting a $25,000 cash-only purge/bond without any finding of present ability to pay, in direct violation of Turner v. Rogers. Frieden and Kaminsky sustained the broader "judicial probation" enforcement framework that enabled this deprivation.

2. **Count II – Enforcement of Void Orders Beyond Jurisdiction**

   *Due Process Violation (Fourteenth Amendment; Virginia Rule 1:1(a))*

   Jurisdiction expired May 26, 2023. Despite this, Judges Frieden, Saylor, and Kaminsky in 2025 imposed attorney's fees, maintained non-evidentiary "review hearings," and ordered enforcement actions, including the Sept. 15, 2025 capias. These ultra vires acts imposed new liberty and property burdens without jurisdiction.

3. **Count III – Selective and Arbitrary Enforcement**

   *Equal Protection Violation (Fourteenth Amendment)*

   Defendants denied Plaintiff remote participation due to indigency, then treated his absence as "willful" and claimed his non-appearance to a proceeding with no show-cause petition or other live motion was a waiver of defenses. This arbitrary enforcement and disparate treatment contrasted with accommodations routinely granted to represented

litigants, violating the Equal Protection Clause, particularly when it is tied to a final order made final more than two years prior.

4. **Count IV – Unreasonable Seizure and Excessive Bail/Fines**

   *Fourth and Eighth Amendment Violations*

   The Sept. 15, 2025 capias issued by Judge Saylor commands arrest "forthwith" without probable cause of a new offense, constituting an unreasonable seizure. The $25,000 cash-only bond and purge were punitive, not coercive, and untethered to Plaintiff's ability to pay, constituting excessive bail and fines.

5. **Count V – Civil Conspiracy to Violate Constitutional Rights**

   *Conspiracy under § 1983 and Virginia Common Law*

   Maria Simon and The Geller Law Group acted jointly with Judges Saylor, Frieden, and Kaminsky to deprive Plaintiff of constitutional rights by supplying identifiers to facilitate a capias, seeking fees under void orders, and endorsing unlawful "review docket" ("judicial probation") enforcement after finality.

6. **Count VI – Abuse of Process**

   *Common Law Tort*

   Maria Simon and The Geller Law Group misused judicial process to punish and coerce Plaintiff, including pressing for contempt sanctions, fee awards, and capias issuance despite jurisdiction having expired. Their ulterior purpose was to extract fees, intimidate Plaintiff, and suppress his litigation efforts.

7. **Count VII – Tortious Interference with Parental Rights**

   *Common Law Tort*

   Maria Simon and The Geller Law Group knowingly pursued litigation tactics —

including supporting unlawful supervision, seeking void enforcement, and facilitating

capias issuance — that disrupted Plaintiff's constitutionally protected parental

relationship, foreseeably impairing his parenting time and family bonds.

## 3. INTRODUCTION

2.  This action challenges a new wave of ultra vires enforcement in 2025 by Judges Saylor,

    Frieden, and Kaminsky in Fairfax County Circuit Court Case CL-2017-03555, long after

    the case became final under Virginia Supreme Court Rule 1:1(a) on May 26, 2023.

3.  In August–September 2025, the court (a) denied Plaintiff's motion to vacate post-finality

    acts and imposed new attorney's fees, (b) held a non-evidentiary "review hearing,"

    refused remote appearance, and then found non-purge and ordered a capias and fees, and

    (c) actually issued a capias requiring arrest "forthwith," setting $25,000 cash bond and a

    $25,000 cash purge—without any present-ability finding, notice of a new show-cause, or

    jurisdiction.

4.  These 2025 actions are independent constitutional violations—separate and distinct from

    Plaintiff's earlier federal case[1] concerning *inter alia* Judge Leary's post-May 2023

    conduct. This suit seeks declaratory and injunctive relief under *Ex parte Young* against

    official-capacity defendants and damages against individual-capacity defendants for ultra

    vires, non-judicial acts.

## 4. JURISDICTION AND VENUE

5.  Federal question jurisdiction: 28 U.S.C. § 1331; claims under 42 U.S.C. § 1983.

6.  Declaratory and injunctive relief: 28 U.S.C. §§ 2201–2202.

---

[1] EDVA 1:25-cv-00572 now under appeal in the Fourth Circuit Case 25-1885

7. Supplemental jurisdiction (as needed): 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events occurred in Fairfax County, Virginia.

9. The amount of damages exceeds $75,000, in an exact amount to be determined at trial.


## 5. PARTIES

10. Plaintiff Joshua Stacy is a natural person residing in Las Vegas, Nevada.

11. Judge Tania M.L. Saylor is a Fairfax County Circuit Judge, sued in her official capacity (prospective relief) and individual capacity (damages).

12. Judge Jonathan D. Frieden—same capacities as Judge Saylor.

13. Judge Michelle Kaminsky—same capacities as Judge Saylor.

14. Chris Falcon, Fairfax County Circuit Court Clerk, is named solely to effectuate prospective relief (correct docket/finality notations and halt enforcement of void instruments).

15. Maria Simon, personal and professional capacity.

16. Geller Law Group, PLLC


## 6. NON-DUPLICATIVE NATURE OF THIS ACTION

17. Plaintiff has separately challenged post-finality actions by Judge Leary (2023–2024) in a prior § 1983 case.

18. This complaint targets different defendants and different injuries—the 2025 actions by Saylor, Frieden, and Kaminsky, including the Aug. 8, 2025 fee order.

19. Chandra Sheppard, a party to the prior action, is not a party to this action.

20. These are new constitutional deprivations (new orders, new fees, new arrest command) that did not exist when the first complaint was filed and are not merely lingering effects of earlier acts.

21. Despite finality, in 2024–2025 the court's docket was kept open and "review hearings" were set without any new petition or statutory basis, leveraging a docket entry practice that obscured finality (the "docket-finality problem").

22. In the prior action (still pending in the Fourth Circuit case 25-1885), the Aug. 15, 2025 non-purge/capias directive and fees, and the Sept. 15, 2025 capias and $25,000 cash bond/purge did not exist.

## 7. ROOKER-FELDMAN AND OTHER ABSTENTION DOCTRINES INAPPLICABLE

23. Rooker–Feldman does not bar this action. Plaintiff does not seek review or rejection of the May 5, 2023 final order. Instead, the injuries challenged here arise from independent, post-finality enforcement acts in 2025 (the August 8 order, August 15 directive, and September 15 capias) undertaken after jurisdiction had expired under Virginia Supreme Court Rule 1:1(a). These acts impose new liberty and property burdens wholly apart from the state-court judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Davani v. Va. Dep't of Transp., 434 F.3d 712 (4th Cir. 2006); Thana v. Bd. of License Comm'rs, 827 F.3d 314 (4th Cir. 2016); Hulsey v. Cisa, 947 F.3d 246 (4th Cir. 2020).

    a. Temporal Prong — The alleged injuries arise more than two years after finality (May 26, 2023).

    b. Causation Prong — The injuries are caused by new, ultra vires enforcement actions, not the final order itself.

     c.   Review/Rejection Prong — Plaintiff does not invite appellate review of the 2023 judgment; rather, he seeks relief from new constitutional violations.

24. Younger abstention likewise does not apply. There is no "ongoing state proceeding" in a court of competent jurisdiction; the so-called "review hearings" are non-evidentiary administrative settings conducted without jurisdiction. Even if Younger were implicated, extraordinary circumstances exist: Plaintiff faces imminent incarceration without notice of a new show-cause, evidentiary hearing, or ability-to-pay finding. See Turner v. Rogers, 564 U.S. 431 (2011).

25. Pullman, Colorado River, and Burford abstention doctrines are also inapposite. This action raises federal constitutional claims under § 1983, does not present unclear issues of state law, and no parallel state proceeding exists that could resolve them. Federal adjudication is necessary to prevent ongoing deprivation of rights.

## 8. JUDICIAL IMMUNITY CANNOT APPLY UNIVERSALLY

26. Absolute judicial immunity protects judges only when they perform functions that are judicial in nature. It does not cloak actions that are administrative, ministerial, or executive. The Fourth Circuit's recent decision in Gibson v. Goldston, (4th Cir. 2023), is controlling: the court held that a family-court judge who personally conducted a warrantless search of a litigant's home was not entitled to immunity, because "the one to enter the order is not the one to enforce it" (quoting Fourth Circuit in Gibson v Goldston where the Fourth Circuit Quoted Hamilton at 78).

     a.   Application here.

          i.   Judges Saylor, Frieden, and Kaminsky did not simply "enter orders." They orchestrated and carried out enforcement — maintaining a "review

docket" after jurisdiction expired, denying remote access so absence could be treated as "willful," soliciting personal identifiers to facilitate arrest, and issuing a capias "forthwith" with cash-only purge conditions.

    ii.   These are executive/enforcement acts, not adjudication. Under Gibson, once a judge crosses into enforcement, absolute judicial immunity falls away.

b.   No jurisdiction, no adjudication.

    i.   After May 26, 2023, Rule 1:1(a) stripped the court of jurisdiction. Any acts in 2024–2025 — fees, review hearings, capias — were ultra vires and enforcement-only. With no live case or controversy, there was nothing to adjudicate. What remained was an effort to police compliance, i.e., enforcement.

c.   Constitutional stakes.

    i.   Enforcement without process — arrest commands, excessive cash-only purge, contempt escalation without notice or hearing — are not protected "judicial acts." They implicate the Fourth, Eighth, and Fourteenth Amendments, precisely the constitutional injuries for which § 1983 was designed.

    ii.   Accordingly, judicial immunity does not universally bar this suit. Where Defendants crossed the line into enforcement of void instruments, they acted outside their judicial role, and liability attaches. The claims pleaded below track this distinction: damages are sought for enforcement conduct

(individual capacity), while declaratory and prospective relief is sought to stop ongoing enforcement (official capacity).

## 9. FACTUAL BACKGROUND

27. On May 5, 2023, the Circuit Court entered a Final Order marked that stated **"This matter is final."** (emphasis in original); jurisdiction expired 21 days later under Rule 1:1(a) (May 26, 2023). The Fairfax Circuit Court Clerk did not enter this into the case management system as a final order.

28. On May 5, 2023, the Circuit Court also entered a Judgement (separate from the order) that stated **"This matter is final."** (emphasis in original), but the Fairfax Circuit Court Clerk did not enter it as a final order or final judgement.

29. In the prior action (currently under appeal in the Fourth Circuit, case 25-1885, Stacy v Leary), all defendants (including Judge Christie Leary of the Fairfax County Circuit Court) agreed that the May 5, 2023 order was a final order.

30. On April 11, 2025—after Plaintiff filed his first §1983 action on April 3, 2025—a hearing was held before Judge Kaminsky on outgoing counsel's motion to withdraw from representing Plaintiff. Plaintiff objected on grounds of lack of jurisdiction under Virginia Supreme Court Rule 1:1(a), citing the May 26, 2023 expiration, Super Fresh Food Markets v. Ruffin, 263 Va. 555 (2002), and a prior 2022 ruling by Judge Tran denying reconsideration for the same reason. Plaintiff noted that the judge stated authority rested in her 'judicial discretion,' which does not override jurisdictional limits.

31. On April 15, 2025, Judge Kaminsky entered an order granting The Myerson Law Group leave to withdraw as Plaintiff's counsel, updating service to Plaintiff's Nevada address,

and implicitly overruling his objections. The order was 'seen and agreed' by Maria Simon and Chandra Sheppard of The Geller Law Group, despite the jurisdiction arguments. This action treated the case as ongoing, enabling further enforcement despite finality.

32. On Aug. 8, 2025, Judge Frieden denied Plaintiff's motion to vacate all orders after May 26, 2023 and ordered $1,977 in attorney's fees; the order stated "THIS CAUSE CONTINUES."

33. Plaintiff's Motion to Vacate explicitly cited Va Rule 1:1(a) and incorporated that Judge Leary, Maria Simon, Chandra Sheppard, and Geller Law Group all stated in pleadings that the May 5, 2023 order(s) invoked finality.

34. On Aug. 8, 2025, Judge Frieden stated that the court had the authority to continue to make rulings in this case, including additional incarceration, under "inherent authority" and stated that the Fairfax Circuit Court has the authority to enforce its own orders, despite being presented with Virginia Supreme Court rulings, black letter law, and the law of the case doctrine.

35. On Aug. 13–14, 2025, Plaintiff requested to appear remotely for a "review hearing" ("judicial probation" due to financial inability to travel; Judge Saylor's chambers denied remote participation and refused a public viewing link.

36. On Aug. 15, 2025, Judge Saylor found[2] Plaintiff had "not purged" contempt from April 2023 and, citing Plaintiff's non-appearance (after denying remote appearance), directed issuance of a capias and awarded $1,550 in additional fees.

37. Immediately after, Plaintiff asked chambers to identify the purge condition; none was stated in the order.

---

[2] At a non-evidentiary "review hearing" with no live motion or petition.

38. On Aug. 20–21, 2025, chambers requested information to issue the capias; opposing counsel responded by supplying Plaintiff's identifiers to facilitate arrest.

39. On Sept. 17, 2025, chambers notified Plaintiff that the capias had been filed and sent a courtesy copy. The capias sets $25,000 cash bond and states Plaintiff "may purge" by paying $25,000 cash to Ms. Hubbard c/o counsel; it commands arrest forthwith, purporting to rely on a May 5, 2023 order and a Nov. 14, 2024 setting.

40. No new rule-to-show-cause was noticed; the Friday review docket (where both the August 8th, 2025 and August 15th, 2025 hearings happened) is non-evidentiary, yet liberty was placed at stake without sworn testimony, evidence, or an ability-to-pay finding.  These proceedings also happened at a time where, under Va Rule 1:1(a), the case had long since been final.

41. The $25,000 cash-only purge/bond is untethered to any finding of present ability to pay and is punitive, not coercive.

42. These actions occurred over two years after finality and therefore without jurisdiction, rendering them ultra vires.


## 10. CLAIMS FOR RELIEF

COUNT I — Fourteenth Amendment Due Process (Notice, Hearing, Ability-to-Pay)

(42 U.S.C. § 1983 — against Saylor, Frieden, and Kaminsky in their individual capacities; official-capacity declaratory/injunctive relief)

43. Plaintiff re-alleges prior pleading paragraphs.

44. The Aug. 15, 2025 "review" proceeding functioned as a new contempt adjudication without (a) notice of a new show-cause, (b) an evidentiary hearing, or (c) a present-ability finding required by *Turner v. Rogers, 564 U.S. 431 (2011)* before incarceration/coercive confinement.

45. Judge Saylor denied remote appearance due to indigency, then used non-appearance as "willfulness" to escalate to capias.

46. The capias (Sept. 15, 2025) compels arrest and sets a cash purge with no ability finding.

47. These actions deprived Plaintiff of procedural due process and threaten liberty without constitutionally required safeguards.

48. Damages lie against the individual-capacity defendants; prospective relief lies against official capacities.

49. The absence of an Va § 20-108 or any other motion or petition means there was nothing for the defendants to adjudicate; according to the defendants and the record, these were enforcement proceedings executed by the judiciary.

COUNT II — Fourteenth Amendment Due Process (Ultra Vires/Post-Finality Enforcement)

(42 U.S.C. § 1983 — against Saylor, Frieden, Kaminsky in individual capacities; official-capacity prospective relief)

50. Plaintiff re-alleges prior pleading paragraphs.

51. Jurisdiction under Virginia Supreme Court Rule 1:1(a) expired May 26, 2023.

52. Nevertheless, in Aug.–Sept. 2025, Judges Frieden and Saylor imposed over $3,500 in attorney's fees, directed issuance of a capias, and ordered a $25,000 cash purge — all more than two years after finality.

14

53. Acts taken without jurisdiction are ultra vires and non-judicial, not protected by judicial immunity. *Gibson v. Goldston*, No 22-1757 (4th Cir. 2023).

54. These post-finality deprivations imposed new property and liberty burdens in violation of due process.

55. Judge Kaminsky's April 15, 2025 order, entered after overruling Plaintiff's Rule 1:1(a) objections at the April 11 hearing, imposed new procedural burdens (e.g., counsel withdrawal) without jurisdiction, violating due process.

56. These post-finality enforcement steps were administrative/enforcement and non-judicial, thus outside absolute judicial immunity. Gibson v Goldston, (4th Cir 2023).

57. Damages lie against the individual-capacity defendants; prospective relief lies against official capacities.

COUNT III — Fourteenth Amendment Equal Protection (Selective and Arbitrary Enforcement)

(42 U.S.C. § 1983 — against Saylor, Frieden, and Kaminsky in their individual capacities; official-capacity declaratory/injunctive relief)

58. Plaintiff re-alleges prior pleading paragraphs.

59. On Aug. 12–14, 2025, Plaintiff requested to appear remotely for a "review hearing" because he could not afford to travel cross-country. Chambers denied remote participation and refused to provide a public viewing link. This is an accommodation that all Fairfax Circuit Judges have the ability to make

60. On Aug. 15, 2025, Judge Saylor treated Plaintiff's absence as "willful" non-compliance, escalated sanctions, and directed issuance of a capias.

61. Judge Saylor claimed that Mr. Stacy's non-participation in the "review hearing" meant a waiver of defenses (despite the "review hearing" lacking a legal foundation and the Court having terminated jurisdiction more than two years prior).

62. This penalty occurred in the absence of any valid show-cause petition, evidentiary hearing, or identified purge condition. The proceeding was expressly non-evidentiary, yet liberty was placed at risk.

63. By converting Plaintiff's financial inability to attend into a basis for sanctions, Defendants arbitrarily discriminated against him and denied him equal protection of the laws.

64. Damages lie against the individual-capacity defendants; prospective relief lies against official capacities.

COUNT IV — Fourth and Eighth Amendments (Unreasonable Seizure; Excessive Bail and Fines)

(42 U.S.C. § 1983 — against Saylor, Frieden, and Kaminsky in their individual capacities; official-capacity declaratory/injunctive relief)

65. Plaintiff re-alleges prior pleading paragraphs.

66. The Sept. 15, 2025 capias commands Plaintiff's arrest "forthwith" without jurisdiction and without probable cause of a new offense, constituting an unreasonable seizure under the Fourth Amendment.

67. The capias also sets a $25,000 cash bond and $25,000 cash-only purge untethered to any ability-to-pay finding, rendering the conditions punitive rather than coercive.

68. These actions constitute excessive bail and fines in violation of the Eighth Amendment.

69. Damages lie against the individual-capacity defendants; prospective relief lies against official capacities.

70. The disparate, arbitrary treatment—especially when compared to routine accommodations for similarly situated litigants—violates the Equal Protection Clause. Damages and prospective relief as above.

COUNT V — Civil Conspiracy / Joint Action Under Color of Law

(42 U.S.C. § 1983; Common Law Conspiracy — against Simon, The Geller Law Group, and Judges Saylor, Frieden, and Kaminsky)

71. Plaintiff re-alleges prior pleading paragraphs.

72. Maria Simon and The Geller Law Group acted jointly with state judges to deprive Plaintiff of constitutional rights.

73. In Aug.–Sept. 2025, Simon and GLG supplied Plaintiff's identifiers to chambers to facilitate issuance of a capias, sought and obtained fee awards under void orders, and endorsed continued "review docket" (a.k.a. "Judicial probation") enforcement long after finality.

74. Judicial defendants adopted and enforced these measures, establishing a "meeting of the minds" under *Dennis v. Sparks*, 449 U.S. 24 (1980).

75. This conspiracy caused wrongful threats of arrest, unlawful financial exactions, and ongoing liberty deprivations.

76. Damages lie against the individual-capacity defendants; prospective relief lies against official capacities.

COUNT VI — Abuse of Process

(Common Law Tort — against Maria Simon and The Geller Law Group)

77. Plaintiff re-alleges prior pleading paragraphs.

78. Defendants Simon and GLG misused judicial process not to resolve disputes but to punish and coerce Plaintiff beyond lawful remedies.

79. They sought contempt sanctions and fees under void orders, provided identifiers for Plaintiff's arrest, and pressed for capias issuance despite jurisdiction having expired.

80. Ulterior purposes include to extract fees, intimidate Plaintiff, prevent parenting time, and suppress his litigation efforts rather than secure legitimate compliance.

81. These "review hearings" are an act not proper in the regular prosecution of the proceeding.

COUNT VII — Tortious Interference with Parental Rights

(Common Law Tort — against Maria Simon and The Geller Law Group)

82. Plaintiff re-alleges prior pleading paragraphs.

83. Plaintiff has a constitutionally protected right to the care, custody, and companionship of his daughter. *Wyatt v. McDermott*, 283 Va. 685 (2012).

84. Defendants Simon and GLG knowingly pursued litigation tactics — including supporting unlawful supervision, seeking void enforcement, and facilitating capias issuance — that foreseeably impaired Plaintiff's parental relationship.

85. Their conduct unlawfully disrupted Plaintiff's parenting time, chilled visitation, and eroded family bonds.

86. These acts were intentional, unjustified, and caused ongoing injury to Plaintiff's relationship with his child.

87. Damages lie against Simon and GLG; punitive damages are warranted for intentional interference.

## 11. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A.  Declare that Defendants' 2025 actions (April 15, 2025 Order, Aug. 8, 2025 Order; Aug. 15, 2025 Order; Sept. 15, 2025 Capias) violated the Fourteenth, Fourth, and Eighth Amendments and were ultra vires.

B.  Enjoin enforcement of the Sept. 15, 2025 capias, the $25,000 cash purge/bond, and any related arrest directives; direct the Clerk to reflect finality consistent with Rule 1:1(a) and to cease processing enforcement instruments premised on post-finality "review" settings.

C.  Enjoin Defendants from further "review" or contempt enforcement in CL-2017-03555 absent a properly filed new petition and jurisdiction.

D.  Award compensatory damages against Saylor, Frieden, and Kaminsky (individual capacities) in an amount to be proven at trial (including emotional distress, travel/defense costs, and fees paid under void orders).

E.  Award punitive damages against the individual-capacity defendants for reckless or willful disregard of clearly established rights.

F.  Award costs and reasonable attorney's fees under 42 U.S.C. § 1988 (if/when counsel appears).

G.  Grant such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

/s/ Joshua Stacy

Joshua Stacy, Pro Se

5515 Michelli Crest Way

Las Vegas, NV 89149

(310) 773-2620

joshua.stacy@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**JOSHUA STACY,** )
)
**Plaintiff,** )
)
v. ) Case No. 1:25cv 1642-MSN-WBP )
**TANIA SAYLOR, et al.,** )
)
**Defendants.** ) .

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

No attorney has prepared or assisted in the preparation of:

1. Plaintiff's complaint
2. Any other submission to this Court under my name.

Joshua Stacy


Plaintiff, *Pro Se*
Executed on 9/26/2025

1