IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOSHUA STACY,<br><br>Plaintiff,<br><br>v.<br>JUDGE TANIA M.L. SAYLOR, in her individual capacity and in her official capacity<br><br>JUDGE JONATHAN D. FRIEDEN, in his individual capacity and in his official capacity<br><br>JUDGE MICHELLE KAMINSKY, in her individual capacity and in her official capacity<br><br>Chris Falcon, FAIRFAX COUNTY CIRCUIT COURT CLERK<br><br>MARIA SIMON, and THE GELLER LAW GROUP, PLLC, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br>1:25-cv-01642 |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE ELECTRONICALLY**

1

## I. LEGAL STANDARD

Under Fed. R. Civ. P. 5(d)(3)(B)(ii), a pro se litigant *may file electronically with the Court's leave*. Whether to grant such access is committed to the Court's discretion, guided by Rule 1's mandate that the Court secure the "just, speedy, and inexpensive determination of every action."

Federal courts—including this District—routinely grant CM/ECF privileges when electronic filing prevents prejudice, reduces timing problems, or facilitates efficient adjudication.

## II. FACTUAL BACKGROUND

1. Plaintiff is currently required to file all documents by mail.
2. USPS transit times between Plaintiff and the Court often take several days each way.
3. As a result, Plaintiff regularly receives orders and filings several days after docketing, compressing his effective response time.
4. To comply with court deadlines despite these delays, Plaintiff has been forced to prepare pleadings on a compressed timeline and incur additional expenses by using Priority Mail and Priority Express services.
5. These expenses are significant and ongoing, adding substantial financial burden to Plaintiff's ability to litigate.
6. Defendants, by contrast, file electronically and receive instant notice of all filings.
7. Plaintiff was told through the Clerk that Chambers stated that Plaintiff's FAC could not be docketed and but for the requirement for Plaintiff to mail pleadings, Plaintiff could

2

have filed the Motion for Leave[1] to file the FAC electronically within appropriate responsive deadlines.

These conditions create a persistent procedural imbalance that affects Plaintiff's ability to participate fairly in this litigation.

## III. ARGUMENT

### A. Mail-Only Filing Has Caused Concrete, Measurable Prejudice

The combination of mail delays and deadline-sensitive briefing schedules has already resulted in multiple forms of prejudice:

**1. Reduced Response Time**

Deadlines tied to docketing dates have been shortened in practice by the 3–6 days required for Plaintiff to receive filings by mail. Further, if Plaintiff received an opposition to a motion he must respond within 6 days, and given the USPS delivery times from Las Vegas, NV (where Plaintiff resides) to the EDVA, this effectively creates a 24-48 hour deadline for Plaintiff to review the oppositions, draft a response, and pay the expedited mailing fee in order to avoid missing deadlines.

**2. Compressed Production Timelines**

---

[1] Plaintiff remains of the understanding that under Fed. R. Civ. P. 15(a)(1)(B), the motion for leave is entirely unnecessary and represents a prejudicial burden on Plaintiff as outlined in the Memorandum ISO granting Motion for Leave to file the FAC *tunc pro nunc*.

Because Plaintiff often receives filings several days after they appear on the docket, he is required to produce substantive responses under severe time compression. This increases the risk of error and places him at a structural disadvantage compared to electronically-filing parties.

### 3. Increased Financial Burdens

To mitigate these timing issues, Plaintiff has repeatedly resorted to Priority Mail and Priority Express, incurring costs well above standard postage. These expenses compound with each filing and substantially increase the financial burden of litigation.

### 4. Risk of Disputes Over Timeliness

Mail-only filing introduces uncertainty about when documents are received and processed, increasing the likelihood of disputes regarding whether deadlines were met.

Electronic filing would eliminate each of these forms of prejudice immediately.

### B. Electronic Filing Would Reduce Burden on the Court and All Parties

Granting CM/ECF access:

- provides instant docketing,
- reduces Clerk processing time,
- eliminates the need for high-cost expedited mailings,
- minimizes disputes regarding receipt and timeliness, and
- expedites the efficient administration of the case.

This promotes judicial economy and reduces avoidable administrative burdens.

### C. Plaintiff Is Fully Capable of Responsible Electronic Filing

Plaintiff has consistently produced well-formatted pleadings, understands PDF requirements, and is prepared to comply with all CM/ECF rules and procedures. There is no risk of improper filings or misuse.

Further, Plaintiff has already used the CM/ECF in the Fourth Circuit appeal (Stacy v Leary et al, No 25-1885) and is familiar with the CM/ECF process in PACER.

### D. The Interests of Justice and Rule 1 Strongly Favor Granting Access

Requiring a pro se litigant to shoulder both *timing disadvantage* and *significant mailing expense* while opposing parties enjoy instantaneous electronic filing is inconsistent with the mandate of Rule 1.

Electronic access:

- restores procedural parity,
- reduces costs,
- eliminates timing distortion, and
- promotes the "just, speedy, and inexpensive" resolution of the action.

### IV. ALTERNATIVE RELIEF: SEVEN-DAY EXTENSION OF DEADLINES

Should the Court decline to grant CM/ECF access at this time, Plaintiff respectfully requests, **in the alternative**, a fixed seven-day extension of all current and future deadlines. While this

5

extension would partially mitigate the prejudice caused by mail-only filing, Plaintiff emphasizes that it is not the preferred remedy because it slows the progress of the litigation for all parties.

Electronic filing eliminates the underlying problem entirely.

### V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff leave to file electronically via the CM/ECF system;
2. Permit Plaintiff to receive electronic service of all filings; and
3. Direct the Clerk to provide registration instructions.

In the alternative, Plaintiff requests a seven-day extension on all deadlines to offset the prejudice arising from mandatory mail-only filing.

Respectfully submitted,

/s/ **Joshua Stacy**
Joshua Stacy
Plaintiff, Pro Se

6

**Certificate of Service**

I hereby certify that on this 20th day of November, 2025 I have mailed a copy of the Memorandum in Support of Motion for Leave to File Electronically to the Clerk of the Court who will upload it to the CM/ECF and send notification to all counsel of record and registered parties.

Respectfully submitted,

/s/ Joshua Stacy

Joshua Stacy, Pro Se

5515 Michelli Crest Way

Las Vegas, NV 89149

(310) 773-2620

joshua.stacy@gmail.com



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSHUA STACY, )
)
Plaintiff, )
)
v. ) Case No. 1:25-cv-01642
)
TANIA SAYLOR, et al., )
)
Defendants. ) .

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of:

1. Plaintiff's Motion for Leave to File Electronically
2. Plaintiff's Memorandum ISO Motion for Leave to File Electronically
3. Draft Order for the above.
4. Notice of Waiver of Oral Argument for Motion for Leave to file FAC.
5. Notice of Waiver of Oral ARgument for Motion for Leave to file elcronically.
6. Any other submission to this Court under Plaintiff's name.

Joshua Stacy

Plaintiff, *Pro Se*
Executed on 11/20/2025

1